UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WARREN CUSAAC,

                Plaintiff,

          -against-                    **MEMORANDUM AND ORDER**

ERIC SCHNEIDERMAN, Attorney General        11-CV-4127 (SLT) (LB)
of the State of New York, THE NEW YORK
SUPREME COURT,

                Defendants.
-----------------------------------------------------------x
**TOWNES, United States District Judge:**

    Plaintiff Warren Cusaac, who is currently incarcerated on Rikers Island, brings this *pro se* action pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403, principally asserting that New York Penal Law § 265.03 is unconstitutional because it was never certified as constitutional by the New York Supreme Court. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. However, for the reasons set forth below, plaintiff is granted 30 days leave to file an amended complaint.

    According to plaintiff's complaint, plaintiff is "being charged" with criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03. Plaintiff states that he wishes to challenge the constitutionality of this law, but does not suggest any legal basis for finding that the statute is unconstitutional. Rather, plaintiff alleges that § 265.03 has never been certified as constitutional by the New York State Supreme Court, in violation of Article VI of the United States Constitution. Plaintiff seeks to subpoena the Supreme Court's certification that § 265.03 is constitutional, and to subpoena defendant Schneiderman, the Attorney General of the State of New York, to testify as to the constitutionality of the statute.

Section 1915A of Title 28 of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

This action is the most recent of several cases filed over the last year by inmates at Rikers Island which allege that sections of the New York Penal Law are unconstitutional because they have never been certified as constitutional by the New York Supreme Court. *See, e.g., Basu v. Cuomo*, E.D.N.Y. Docket No. 10-CV-5832 (KAM)(RLM); *Bellamy v. Cuomo*, E.D.N.Y. Docket No. 10-CV-5261 (NGG)(LB); *Saez v. Cuomo*, E.D.N.Y. Docket No. 10-CV-4358 (DLI)(LB); *Salinsky v. Cuomo*, E.D.N.Y. Docket No. 10-CV-4064 (RRM)(LB). All of these cases incorrectly assume, for reasons which are not articulated in the complaint, that a state statute is unconstitutional until it has been certified as constitutional by the New York Supreme Court. In fact, statutes duly enacted by a legislature are presumed to be constitutional. *See INS v. Chadha*, 462 U.S. 919, 944 (1983). Accordingly, the party challenging the statute bears the burden of demonstrating the statute's unconstitutionality. *See Lujan v. G & G Fire Sprinklers*, 532 U.S.

189, 198 (2001). Moreover, the challenge to a state criminal statute's constitutionality must typically be made in state court, since federal courts generally abstain from interfering in on-going state criminal proceedings. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

For this reason, the courts in the prior, similar cases have uniformly directed the plaintiffs to amend their complaints to state a basis for alleging that the statute at issue is unconstitutional. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide a short and plain statement of claim against each named defendant so that defendants will have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The Court cannot allow plaintiff's claims to go forward, as defendant will be unable to meaningfully respond to the instant complaint.

If plaintiff elects to amend his complaint, plaintiff must also articulate a basis for federal jurisdiction. Although 28 U.S.C. § 1331 provides that district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, Rule 5.1(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403 are procedural provisions which do not create a basis for federal-question jurisdiction. Rule 5.1(a) provides that:

> A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

3

> \* \* \*
>
> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
>
> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Section 2403 provides, in pertinent part, that:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

To the extent that plaintiff wishes to state a claim pursuant to 42 U.S.C. § 1983, plaintiff is directed to name as defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. Section 1983 "creates no substantive rights," but provides "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993), *cert. denied*, 512 U.S. 1240 (1994). However, in order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

If plaintiff does not know the names of the individuals, he may identify each of them as John Doe #1, Jane Doe #1, or the like. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, he must set forth factual allegations to support his claim against each named defendant, the dates and locations of all relevant events and the relief he is seeking. Plaintiff is further directed to explain the current status of any pending state criminal action.

## *CONCLUSION*

For the reasons stated above, plaintiff is granted 30 days leave to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned as an "Amended Complaint," comply with the requirements of this Memorandum and Order, and bear docket number 11-CV-4127 (SLT)(LB). No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend the complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: August 30, 2011
Brooklyn, New York

5